STATE of Minnesota, COMMISSIONER OF REVENUE, Respondent,

v.

SIX CARTONS OF MARLBOROS AND 1 CARTON OF MARLBORO LIGHTS 100, SEGAL WHOLESALE, INC., Appellant.

No. C9–93–1549.

Court of Appeals of Minnesota.

March 8, 1994.

Review Denied April 19, 1994.

**4**

Hubert H. Humphrey, III, Atty. Gen., Kurt J. Erickson, Asst. Atty. Gen., St. Paul, for respondent.

Mark W. Gehan, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant.

Considered and decided by LANSING, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Appellant Segal Wholesale, Inc. supplied cigarettes to Red Lion Liquor, a retail establishment. Respondent Commissioner of Revenue seized seven cartons of cigarettes from Red Lion because the cigarettes were improperly stamped. Appellant replaced the cigarettes for Red Lion. Appellant then filed a demand for judicial determination of whether the cigarettes were lawfully subject to seizure and forfeiture. The trial court found the cigarettes were improperly stamped and were subject to forfeiture, and found that appellant lacked standing to raise the issue of whether there was lack of good faith or intent to evade taxation. Appellant brought a motion for a new trial or amended findings, which the trial court denied. We reverse the trial court's conclusion that appellant did not have standing, but because we affirm the seizure and forfeiture, no remand is necessary.

## FACTS

Appellant supplied Red Lion with cartons of cigarettes which had been improperly stamped with cigarette tax stamps. The stamps were illegible or partially missing. On July 15, 1992, respondent seized seven cartons of cigarettes from Red Lion. The same day, Red Lion's operator called appellant and requested replacement of the cigarettes. Appellant agreed, and the cigarettes were replaced the next day. Appellant did not have any type of formal agreement or assignment with Red Lion regarding replacement of forfeited cigarettes.

Appellant filed a demand for judicial determination of whether the cigarettes were lawfully subject to seizure and forfeiture. Re-

spondent filed a summons and complaint requesting that the cigarettes be declared contraband and forfeited, which appellant answered. In a motion, appellant raised the issue of whether respondent must prove that the party from whom the property was seized or who was claiming an interest in the property was acting in bad faith and with intent to evade taxation before seizure or forfeiture.

The trial court found that the cigarettes were improperly stamped and were therefore contraband. Appellant is not challenging this finding. Appellant is challenging the trial court's conclusions that appellant did not have standing to raise the issues of good faith and intent to evade taxation because appellant did not have an interest in the cigarettes at the time of seizure, and that respondent did not have to prove lack of good faith or intent to evade taxes before seizure and forfeiture.

## ISSUES

1. Did the trial court err by holding that appellant did not have standing to raise the issues of good faith and intent to evade taxation under Minn.Stat. § 297.08, subd. 3 (1992)?

2. Did the trial court err by holding that respondent was not required to prove appellant's bad faith and intent to evade taxation under Minn.Stat. § 297.08, subd. 3 (1992) before seizure and forfeiture of the cigarettes?

## ANALYSIS

The interpretation of Minn.Stat. § 297.08, subd. 3 (1992) is involved in this case. Statutory construction is a question of law. *Whetstone v. Hossfeld Mfg. Co.*, 457 N.W.2d 380, 382 (Minn.1990). This court need not defer to the lower court's determination of a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

### I.

*Standing*

Cigarettes without proper tax stamps are contraband. Minn.Stat. § 297.08, subd. 1(1)

(1992). Respondent is entitled to seize cigarettes with improper cigarette tax stamps as contraband. Minn.Stat. § 297.08, subd. 2 (1992). Specifically:

> Any cigarettes or other property made contraband by subdivision 1 may be seized by the commissioner or authorized agents or by any sheriff or other police officer, with or without process, and shall be subject to forfeiture as provided in subdivision 3 and 4.

*Id.* Distributors may avoid forfeiture by receiving credit for mutilated or unfit tax stamps. *See* Minn.Stat. § 297.03, subd. 8 (1992); Minn.R. 8120.1100 (1991).

The procedure after seizure:

> Within two days after the seizure of any alleged contraband, the person making the seizure shall deliver an inventory of the property seized to the person from whom the seizure was made, if known, and file a copy with the commissioner. Within ten days after the date of service of the inventory, the person from whom the property was seized or any person claiming an interest in the property may file with the commissioner a demand for a judicial determination of the question as to whether the property was lawfully subject to seizure and forfeiture. The commissioner, within 30 days, shall institute an action in the district court of the county where the seizure was made to determine the issue of forfeiture. The action shall be brought in the name of the state and shall be prosecuted by the county attorney or by the attorney general. The court shall hear the action without a jury and shall try and determine the issues of fact and law involved. Whenever a judgment of forfeiture is entered, the commissioner may, unless the judgment is stayed pending an appeal, either (1) deliver the forfeited property to the commissioner of human services for use by patients in state institutions; (2) cause it to be destroyed; or (3) cause it to be sold at public auction as provided by law. If a demand for judicial determination is made and no action is commenced as provided in this subdivision, the property shall be released by the com-

missioner and redelivered to the person entitled to it. If no demand is made, the property seized shall be deemed forfeited to the state by operation of law and may be disposed of by the commissioner as provided where there has been a judgment of forfeiture. *Whenever the commissioner is satisfied that any person from whom property is seized under sections 297.01 to 297.13 was acting in good faith and without intent to evade the tax imposed by sections 297.01 to 297.13, the commissioner shall release the property seized, without further legal proceedings.*

Minn.Stat. § 297.08, subd. 3 (1992) (emphasis added). Appellant argues that the emphasized language in this statute requires respondent to affirmatively prove that it was not acting in good faith and that it had the intent to evade taxes before the cigarettes could be seized and forfeited.

■ Respondent argues that appellant lacked standing to raise these issues because it no longer had an interest in the cigarettes at the time of the seizure. We find standing. We recognize that Red Lion had exclusive possession of the cigarettes at the time they were seized. The statute, however, allows "the person from whom the property was seized *or any person claiming an interest in the property*" to file a demand for judicial determination. *Id.* (emphasis added). Appellant is the party responsible for buying the stamps, for having an approved stamping machine, and for properly affixing the stamps to the cigarettes which are sold to retailers such as Red Lion. Appellant may or may not have had a legal obligation to replace Red Lion's cigarettes after they were seized; that issue was not litigated below. But once appellant had replaced the cigarettes, Red Lion had no real reason to challenge the seizure. Appellant is really the primary interested party left to challenge the seizure. Appellant must buy the stamps, and must properly affix the stamp to cigarettes with an approved stamping machine, all before selling the cigarettes to many retailers

other than Red Lion. Other wholesalers like appellant would be similarly situated. It is more efficient and a better use of judicial economy for respondent to settle its differences with wholesalers like appellant rather than only with individual retailers. Respondent's interests in ensuring proper payment of tax through correctly stamped cigarettes is protected by allowing appellant to have standing to challenge the seizure. Thus we reverse that part of the trial court's holding that appellant lacked standing.

## II.

### *Burden of Proof*

■ Appellant argues that respondent must affirmatively prove appellant's lack of good faith and intent to evade taxation before seizure and forfeiture of the cigarettes. We disagree. Respondent may seize improperly stamped cigarettes "with or without process" and they are subject to forfeiture. Minn. Stat. § 297.08, subd. 2.

■ Appellant bases its argument on a provision in Minn.Stat. § 297.08, subd. 3:

Whenever the commissioner is satisfied that any person from whom property is seized under sections 297.01 to 297.13 was acting in good faith and without intent to evade the tax imposed by sections 297.01 to 297.13, the commissioner shall release the property seized, without further legal proceedings.

Respondent argues this language allows it to release property when those conditions exist. But respondent further argues it does not require an initial affirmative finding that the conditions do not exist before the property may be seized. In other words, respondent argues that it does not have to prove a negative before proceeding. We agree. Appellant's possession of improperly stamped cigarettes is a presumed statutory violation. Minn.Stat. § 297.05, subd. 1 (1992).[1] Any party claiming an interest in the property may attempt to rebut the presumption, prove good faith and lack of intent to evade taxa-

---

1. Minn.Stat. § 297.05, subd. 1 provides:
   Except as provided in subdivision 2, whenever a package of cigarettes is found in the place of business or in the possession of any person without a proper stamp affixed as required by sections 297.01 to 297.13, it shall be presumed that those cigarettes are kept there or held by that person in violation thereof.

tion to respondent's satisfaction, and informally request respondent to return the goods. A party with standing can also raise the issue in a judicial determination. But during a judicial determination, the party raising the issue to recover the seized property must present sufficient evidence to rebut the presumption. If appellant had raised evidence deemed by the judge sufficient to rebut the presumption, the burden of persuasion would then have shifted to respondent to refute that evidence. Neither the court nor respondent had to reach that stage as appellant merely argued that respondent had to affirmatively prove bad faith and intent, and that since it did not, appellant should prevail. Appellant presented no evidence to support its claim of good faith and lack of intent to evade taxation because it argued that it did not have this burden. Since we hold respondent is not required to prove these elements before seizure and forfeiture, the trial court properly declared the seized cigarettes to be lawfully seized contraband. We affirm the seizure and forfeiture.

## DECISION

Appellant had standing to raise the issues of good faith and lack of intent to evade taxation in a judicial determination of the legality of the seizure and forfeiture. However, respondent is not required to affirmatively prove elements of lack of good faith and intent to evade taxation before seizure and forfeiture of illegally stamped cigarettes, and appellant failed to rebut the presumption of a statutory violation.

**Affirmed in part, reversed in part.**